| | |
|---|---|
| DISTRICT COURT, EL PASO COUNTY, COLORADO<br>270 S. TEJON ST.,<br>COLORADO SPRINGS, CO 80903<br>_____<br>**PLAINTIFFS:**<br>DAWN M. LYNCH and SHAWN P. LYNCH<br>vs.<br>**DEFENDANT:**<br>L'OREAL USA S/D, INC., dba LANCOME, a Delaware corporation registered to do business in Colorado<br>_____<br>Ron J. Robinson, Attorney for Plaintiffs<br>1155 Kelly Johnson Blvd., Suite 111<br>Colorado Springs, CO 80920<br>Phone:  (719) 330-6677<br>Fax:     (719) 265-9298<br>E-mail   Ron@ronrobinsonlaw.com<br>Atty. Reg. # 1203 | **EFILED Document**<br>**CO El Paso County District Court 4th JD**<br>**Filing Date: Nov 29 2010 11:40AM MST**<br>**Filing ID: 34566697**<br>**Review Clerk: Rachael Maestas**<br>Case Number<br><br>Div.: |
| **COMPLAINT** | |

The Plaintiff states:

## FACTS PERTINENT TO ALL CLAIMS FOR RELIEF

1. Jurisdiction and venue are appropriate in El Paso County because:  a) Plaintiff is a resident of El Paso County, Colorado;  b) Defendant is a Delaware corporation which was and is registered to do business in and has conducted and still does conduct business in Colorado;  c) This case involves claims related to a sale of Defendant's products which took place at the post-exchange store on Ft. Carson, in El Paso County, Colorado and the use of Defendant's products at Plaintiff's home in El Paso County, Colorado.

2. On or about November 16, 2008, Plaintiff paid over $400.00 to purchase the following cosmetic products sold by Defendant through the post exchange on Ft. Carson under the trade name Lancome:

   a. Primordiale Cell Defense – Cell Defense & Skin Perfecting Serum
   b. Tonique Pure Focus – Oil Control Mattifying Toner (Oily Skin)
   c. Pure Focus – Matifying Moisturizing Lotion (Oil Free/Oily Skin)
   d. Absolute Ultimate $\beta x$ – Serum Reconstituant – Replenishing and Restructuring Serum.
   e. High Resolution Eye with Fiberlastine – Intensive Recovery Anti-Wrinkle Eye Cream

1

      f.      Gel Pure Focus – Oil Control Cleansing Gel – Oily Skin

3. Defendant is a manufacturer/seller of products such as those listed above under C.R.S. 13-21-401, et seq.

4. The products in issue in this action are these cosmetics listed in paragraph 2 above (hereafter "the products"). One or a combination of the products caused the injury to Plaintiff.

5. At the time of purchase there was a separate display featuring the products and literature about how to choose which of the products to buy. Employees at the post exchange told Plaintiff and her husband that L'Oreal/Lancome representatives were occasionally but intermittently on site to assist customers. There were no representatives for Defendant present on this occasion, so Plaintiff studied the available literature, observed there were no warnings on the products about their capacity to damage her skin, and bought the products.

6. Plaintiff began using the products as directed on the labeling and the literature supplied with them between Thanksgiving (November 27, 2008) and mid December, 2008, when she noticed burning and her skin beginning to form sores. Over the next few weeks:
    a. She discontinued use, but within a couple of days, her face developed lesions and the skin on her face began to literally fall off in pieces;
    b. After antibiotics from her family doctor did not seem to help, she went to the emergency room at Evans Community Hospital where she was given outpatient intravenous antibiotics for approximately 3 days;
    c. She was then admitted on December 27, 2008, for more intensive treatment for chemical burns and facial cellulitis;
    d. Her face was swollen and deformed to the point where she could not see out of one eye and ultimately her face was permanently scarred by the damage.

7. The products proximately caused lesions, burning, pain, swelling and disfigurement to Plaintiff and she sustained serious injuries, including but not by way of limitation, pain, suffering, facial scarring, loss of earnings and/or loss of earning capacity, disability, loss of enjoyment of life, loss of a pre-paid Christmas vacation and medical expenses. Her treatment and damages are continuing and her injuries are permanent.

8. At the time of the injury the products were being used for the purposes and in the manner for which they were intended, adapted and designed and in accordance with Defendant's (the manufacturer's) instructions for use.

9. Plaintiff is a person anticipated, at the time of manufacture to be and reasonably forseeable to be the ultimate user of the products.

10. Defendant placed the products in the stream of commerce in a defective and unreasonably dangerous condition.

11. The products were defective, as distributed and sold to Plaintiff, in at least the following particulars:

    a. Defective or faulty chemical design or compounding and creation.
    b. Failure to properly warn Plaintiff, an anticipated user, of potential defects or safety measures necessary to safely use the products.
    c. Failure to adequately instruct Plaintiff as to dangers of the products or any particular essentials of maintenance or safeguards as to use.
    d. The products in question were inherently dangerous as presently designed due to design defects in one or the combination of the products.
    e. Failure to supply adequate counteracting agents to prevent the type of injury herein complained.

12. As a result of said injuries, the plaintiff has sustained, and in the future will continue to receive medical and hospital care and treatment furnished by the United States. Under the provisions of Title 42 United States Code, Sections 2651-2653 et seq. and Title 10 United States Code, Section 1095, and any other applicable statutes, the plaintiff, for the sole use and
benefit of the United States and with its express consent, asserts a claim for the cost of said past treatment and the value of future care, as well as, for wages paid by the United States to active duty service members who were unable to perform their military duties due to injuries received as a result of defendants' negligence. Plaintiff is entitled to maximum interest, costs and attorney's fees allowed by law.

### FIRST CLAIM FOR RELIEF
Negligence

13. Plaintiff incorporates the allegations contained in paragraphs 1 through 12 above as though fully set out herein.

14. Defendant, was negligent in manufacturing and marketing one or more of the products, causing damages to Plaintiff as above stated.

15. Defendant was negligent in designing or manufacturing one more of the products and delivering same in substantially the same condition as that at the time of the accident, and in failing to guard, warn or instruct users as to the dangerous characteristics of the product as sold and delivered.

## SECOND CLAIM FOR RELIEF
### Breach of Warranty

16. Plaintiff incorporates the allegations contained in paragraphs 1 through 15 above as though fully set out herein.

17. Defendant has breached warranties with respect to the products, pursuant to Colorado law, including but not by way of limitation, C.R.S. 4-2-314 and C.R.S. 4-2-315 as construed by C.R.S. 4-2-317 and 4-2-318.

18. Defendant's breach of warranty has caused damages to Plaintiff as above stated.

## THIRD CLAIM FOR RELIEF
### Products Liability

19. Plaintiff incorporates the allegations contained in paragraphs 1 through 18 above as though fully set out herein.

20. Defendant is deemed to be the manufacturer of said product pursuant to C.R.S. 13-21-401, et seq.

21. The products are expected to and did reach the ultimate user without substantial change in condition in which manufactured, sold and delivered.

WHEREFORE, Plaintiff asks the Court to enter judgment against Defendant for special, and general damages together with costs of the action, interest as provided by law, attorney's fees where deemed appropriate and such other relief as the Court finds proper.

Respectfully submitted,
Ron Robinson  S/
(The signed original is filed with counsel)

Plaintiff's Address:
4124 Westmeadow Dr., #102
Colorado Springs, CO 80906