IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-01343-RBJ-MWJ

DAWN M. LYNCH and SHAWN P. LYNCH,

    Plaintiffs,

v.

L'OREAL USA S/D, INC., a Delaware corporation, d/b/a Lancome, registered to do business in Colorado,

    Defendant.

---

## ORDER

---

This case was filed in November 2010 in El Paso County District Court. In May 2011 defendant removed the case to this Court based on diversity of citizenship jurisdiction. Defendant now seeks summary judgment.

**Facts**

In November of 2008, plaintiff Dawn Lynch purchased over $400 of cosmetic products sold by the defendant L'Oreal USA, Inc. ("L'Oreal"). These products, sold under the trade name Lancome, included Primordiale Cell Defense — Cell Defense & Skin Perfecting Serum, Tonique Pure Focus — Oil Control Mattifying Toner (Oily Skin), Pure Focus — Matifying Moisturizing Lotion (Oil Free/Oily Skin), Absolute Ultimate $\beta\chi$ — Serum Reconstituant — Replenishing and Restructuring Serum, High Resolution Eye with Fiberlastine — Intensive Recovery Anti-Wrinkle Eye Cream, and Gel Pure Focus — Oil Control Cleansing Gel — Oily Skin (collectively "Lancome Products"). Ms. Lynch began using the Lancome Products as directed on November

27, 2008. In mid-December Ms. Lynch noticed burning and sores on her face and discontinued using the Lancome Products. Within a few days of discontinuing use of the products, Ms. Lynch developed lesions on her face, and her skin began falling off. Ms. Lynch sought medical treatment. Her family doctor prescribed antibiotics, but when they did not help, Ms. Lynch went to the Evans Community Hospital emergency room and was given outpatient intravenous antibiotics. Ms. Lynch was admitted to the hospital on December 27, 2008 for treatment for chemical burns and facial cellulitis. Ms. Lynch's face was permanently scarred.

Ms. Lynch through counsel filed a complaint alleging that the Lancome Products were the cause of her injuries. She asserts product liability claims based on theories of negligence, breach of warranty, and strict products liability. L'Oreal now requests summary judgment, arguing that Ms. Lynch has failed to offer any evidence that the products were defective or that the defect caused Ms. Lynch's injuries.

**Standard**

"Summary judgment is appropriate 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1050 (10th Cir. 2008) (quoting Fed. R. Civ. P. 56 (c)). When deciding a motion for summary judgment, the Court considers "the factual record, together with all reasonable inferences derived therefrom, in the light most favorable to the non-moving party . . . ." *Id.* The Court does not weigh the evidence or make credibility determinations. *Id.* The moving party has the burden to show that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party must "designate specific facts showing that there is a genuine

issue for trial." *Id.* at 324.  In challenging such a showing, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

**Conclusions**

Ms. Lynch brings products liability claims under three separate theories of liability: negligence, breach of warranty, and strict products liability.  Although each of these theories requires different elements to establish liability, they have in common the need for the plaintiff to prove causation.  *Truck Ins. Exch. v. MagneTek, Inc.,* 360 F.3d 1206, 1214 (10th Cir. 2004). L'Oreal argues that Ms. Lynch cannot meet her burden of proving causation without the assistance of expert testimony.  Because Ms. Lynch has not designated any expert witnesses, L'Oreal argues that it is entitled to summary judgment.

The Federal Rules of Evidence describe two different types of witnesses, fact witnesses and expert witnesses.  Testimony by fact witnesses is limited to that which is rationally based on the witness's perception, is helpful to clearly understanding a witness's testimony or to determining a fact in issue, and is not based on scientific, technical, or other specialized knowledge.  Fed. R. Civ. P. 701.  Comparatively, a witness who is qualified as an expert based upon knowledge, skill, experience, training or education may testify in the form of an opinion if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue and the opinion is based on sufficient data and reliable methodology.  Fed. R. Civ. P. 702.  Rule 701 "does not permit a lay witness to express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness." *James River Ins. v. Rapid*

*Funding, LLC*, 658 F.3d 1207, 1214 (10th Cir. 2011) (quoting *Randolph v. Collectramatic, Inc.*, 590 F.2d 844, 846 (10th Cir. 2011)).

Presenting the testimony of expert witnesses also requires additional disclosures. Under Rule 26(a) a party seeking to call an expert witness must provide the opposing party with a written report prepared by the expert witness that outlines, among other things, "the opinions that will be expressed at trial by the expert witness, the facts or data considered by the expert witness in forming these opinions, the expert witness's qualifications . . . and the compensation to be paid the expert witness for his work and testimony in the case." *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1176 (10th Cir. 2011) (citing Fed. R. Civ. P. 26(a)(2)(B)(i)-(vii)). Rule 26 "imposes a duty to disclose information regarding expert testimony sufficiently in advance of trial so that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other expert witnesses." *Id.* (quoting Fed. R. Civ. P. 26(a)(2) Advisory Committee's Note (1993)). When a party fails to comply with Rule 26(a)'s disclosure requirements, the general rule is that the party "is not allowed to introduce the expert witness's testimony . . . at trial." *Id.* (quoting *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 641 (7th Cir. 2008)).

According to the scheduling order for this case, the deadline for disclosure of expert witnesses was March 20, 2012. On March 27, 2012 L'Oreal filed this motion for summary judgment, arguing that Ms. Lynch had not disclosed any expert witnesses and therefore, she would not be able to prove that L'Oreal's products were defective in design or manufacturing or that any defects caused Ms. Lynch's injuries. Ms. Lynch, who has been proceeding pro se since her attorney was permitted to withdraw in November 2011, failed to respond to the summary judgment motion. Instead of granting the motion for summary judgment, this Court issued an

order to show cause why the case should not be dismissed on July 6, 2012.  Ms. Lynch responded on July 31, 2012 with a response to the motion for summary judgment and included copies of her medical records from her treatment of the face injuries.  Ms. Lynch has not designated any expert witnesses or provided the necessary disclosures.  Trial is set for October 22, 2012.

To prevail in this case, Ms. Lynch must prove that the Lancome Products caused her injuries.  To prove her case, Ms. Lynch offers evidence that she used the Lancome Products and subsequently suffered injuries on her face.  However, "[a] temporal relationship by itself, provides no evidence of causation." *In re Breast Implant Litig.,* 11 F. Supp. 2d 1217, 1232 (D. Colo. 1998).  Thus, showing only the timeline of applying the Lancome Products and subsequently suffering facial injuries is not sufficient to show causation.  Ms. Lynch must provide additional evidence to prove causation.

"It is uniformly held that where injuries complained of are of such character as to require skilled and professional persons to determine the cause and extent thereof, they must be proved by the testimony of medical experts, but, that a lay witness is competent to testify concerning those physical injuries and conditions which are susceptible to observation by an ordinary person." *Franklin v. Shelton,* 250 F.2d 92, 97 (10th Cir. 1957).  For example, in *Franklin*, the plaintiff complained that after a car accident her eye was crossing and losing its power to focus and she was having certain female disorders.  *Id.* at 97-98.  The court held that the plaintiff was competent to testify that she was suffering from these disorders, but "her testimony was not competent to establish that these subjective conditions were the proximate cause of the accident." *Id.* at 98.  Similarly, in *Wilkins v. Kmart Corp.* the plaintiff sought to testify that he experienced drowsiness and dizziness as the result of taking Flexeril.  487 F. Supp. 2d 1216, 1221 (D. Kan.

2007).  The court held, "[s]uch a causation opinion can only be rendered on the basis of specialized knowledge held by an expert qualified by medical education, experience and training."  *Id.*  However, the court explained, "the plaintiff certainly is qualified by personal knowledge to testify about what physical and emotional changes he experienced while taking Flexeril and about how these changes impacted him."  *Id.*

These cases are analogous to Ms. Lynch's claims.  Ms. Lynch is certainly qualified to discuss the injuries to her face and how they affected her physically and emotionally.  However, Ms. Lynch is not qualified to testify about the cause of these injuries.  Linking the injuries to Ms. Lynch's face with the use of the Lancome Products would require expert testimony.  "The weight of evidence, is, of course, for the jury's determination and not for the court.  But whether proffered evidence is competent, is a question of law for the court's determination."  *Douglas Aircraft Co. v. Kerns*, 164 F. 2d 1007, 1011 (10th Cir. 1947).  Because Ms. Lynch has not identified any expert witness, she has not come forward with competent evidence to show causation.  Accordingly, summary judgment for L'Oreal is appropriate.

The Court notes that in response in explanation of her failure to respond substantively to the motion for summary judgment, and implicitly in explanation for her failure to engage an appropriate expert, Ms. Lynch essentially has indicated that her lawyer did not develop the case and, to her surprise, withdrew from the engagement and left her to fend for herself.  The Court does not know the details of what her attorney did or did not do or why he withdrew (which was permitted by a magistrate judge after Ms. Lynch offered no objection).  Therefore, the Court has no basis to say that the lawyer did or did not fulfill his professional responsibilities to her.  Nevertheless, it is unfortunate that Ms. Lynch – who claims to have sustained serious facial injuries and disfigurement which might be attributable to the cosmetics of which she complains –

has not been able to prosecute her case due to the lack of a lawyer and her own inability properly to represent herself. The Court's role is to adjudicate this case with fairness to both parties, and the status of the record has left the Court no choice but to grant the motion.

Ms. Lynch may appeal from this order by filing a Notice of Appeal with the United States Court of Appeals for the Tenth Circuit, 1823 Stout Street, Denver CO 80257. The appeal must be filed within 30 days after entry of this Court's order and judgment. If she wishes to do this, she should consult the Federal Appellate Rules, and in particular Rules 3 and 4, which she can access on line at the Tenth Circuit's web site or in hard copy at this Court's library. There is a filing fee which can be waived in some circustances.

If she believes that she has been mistreated by her attorney she can file a complaint with the Office of Attorney Regulation Counsel, 1560 Broadway, Suite 1800, Denver CO 80202. I take no position as to whether she should file such a complaint or whether it would have any merit but only advise her of these options because she is representing herself.

**Order**

Defendant L'Oreal's motion for summary judgment is GRANTED. The Court enters its final judgment dismissing this case and all claims within. Because of the nature of the reasons for dismissal, essentially failure properly to prosecute, the dismissal is without prejudice. Defendant is awarded its reasonable costs as the prevailing party.

DATED this 24th day of September, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge